IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DAVID LINN HEISSER,

        Plaintiff,

   v.

LANE COUNTY PUBLIC DEFENDER'S OFFICE and LANE COUNTY DISTRICT ATTORNEY'S OFFICE,

        Defendants.

Case No. 6:25-cv-01234-MC

OPINION AND ORDER

MCSHANE, Judge:

    Self-represented Plaintiff David Heisser brings this action against Defendants Lane County Public Defender's Office ("LCPDO") and Lane County District Attorney's Office ("LCDAO"). The matter comes before the Court on Plaintiff's Motion for Appointment of Pro Bono Counsel, ECF No. 2, Plaintiff's Motion to Dismiss, ECF No. 4, and LCPDO's Motion to Remand, ECF No. 5. Because Plaintiff's removal was improper, the Court DENIES as MOOT Plaintiff's Motions and GRANTS LCPDO's Motion to remand.

## DISCUSSION

    Plaintiff commenced this lawsuit (Lane Circuit Court Case No. 25CV05417) in the Lane County Circuit Court on January 28, 2025. Def.'s Mot. Ex. A. LCPDO moved to dismiss Plaintiff's complaint for failure to state a claim on May 20, 2025. Def.'s Mot. Ex. C. The Lane County Circuit Court granted LCPDO's motion by order on June 25, 2025. Def.'s Mot. Ex. D. LCPDO contends that it served a proposed judgment on Plaintiff and LCDAO and, if no

1 – Opinion and Order

objections were received, LCPDO intended to file the proposed judgment of dismissal with prejudice in the Lane County Circuit Court on July 21, 2025. Def.'s Mot. 2-3. However, on July 15, 2025, Plaintiff filed a Notice of Removal, ECF No. 1, to remove the matter to federal court on the basis of federal question jurisdiction. Plaintiff subsequently moved for appointment of counsel and moved to dismiss. LCPDO now moves against removal, arguing that it was improperly filed and untimely. LCPDO seeks a Court order remanding the case to the Lane County Circuit Court in order to permit its dismissal pursuant to the Lane County Circuit Court's order. LCPDO's Motion is granted.

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441 (emphasis added); *see also AIU v. Continental Ins. Co.*, 843 F.2d 1253, 1260 (9th Cir.1988); *Aref v. Holmgren*, 976 F.2d 736, 736 (9th Cir. 1992). Here, it is apparent from the Notice of Removal that it was Plaintiff—not Defendants—who removed this matter from Lane County Circuit Court to federal court on July 15, 2025. *See* Not. Removal 4. Plaintiff was not permitted to do so. Further, a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1). Even if the Court were to allow Plaintiff to remove, which it is not, Plaintiff's removal is untimely because LCPDO received the Summons and Complaint on February 5, 2025—some 160 days before Plaintiff filed a Notice of Removal.

For those reasons, the Court concludes that this case was improperly removed to federal court and must be remanded to state court for entry of a judgment of dismissal.

## **CONCLUSION**

The Court GRANTS Defendant Lane County Public Defender's Office's Motion to Remand, ECF No 5. This case is remanded to the Lane County Circuit Court. Any remaining motions, ECF Nos. 2 and 4, are denied as moot.

IT IS SO ORDERED.

DATED this 28th day of July 2025.

_____s/Michael J. McShane_____
Michael McShane
United States District Judge